Stefanos Georgousopoulos (SBN 314856)
SYG LAW FIRM, INC.
27450 Ynez Road, Suite 210
Temecula, CA 92591
Telephone (951) 595-7127
sg@syglaw.com

Counsel for Plaintiff
Pedro Flores

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Pedro Flores, individual,<br>　　　　　Plaintiff,<br><br>　　vs.<br><br>1) UR M. JADDOU, Director,<br>　　U.S. Citizenship and Immigration Services,<br><br>2) ALEJANDRO MAYORKAS, Secretary,<br>　　U.S. Department of Homeland Security,<br><br>3) MERRICK GARLAND, Attorney General,<br>　　U.S. Department of Justice,<br><br>4) DOES 1 through 5, inclusive,<br><br>　　　　　Defendants-Respondents. | Case No.: 5:23-cv-346<br><br>**COMPLAINT FOR WRIT OF MANDAMUS AND COMPLAINT UNDER ADMINISTRATIVE PROCEDURE ACT** |

**TO THE CLERK OF THE COURT, ALL PARTIES, AND THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA:**

**COMPLAINT FOR WRIT OF MANDAMUS AND COMPLAINT UNDER ADMINISTRATIVE PROCEDURE ACT**

1

# I. INTRODUCTION

1. Plaintiff, Pedro Flores, is an applicant for adjustment of status based upon his lawful entry and marriage to a U.S. citizen. Plaintiff seeks judicial intervention by way of a writ of mandamus to force U.S. Citizenship and Immigration Services (hereinafter "USCIS") to complete the processing of his application.

2. USCIS has caused both unreasonable delays and unlawful denials during the course of Plaintiff's immigration processing.

3. Plaintiff has submitted numerous inquiries directly to USCIS, to the CIS Ombudsman inquiry website, and has made several appearances in person through counsel to the USCIS San Bernardino Field Office to escalate his case. All administrative remedies have been futile.

4. Most recently, USCIS erroneously denied Plaintiff's application causing Plaintiff to submit Form I-290B, Notice of Appeal or Motion. On November 4, 2022, USCIS overturned their own denial but has since failed to take any additional action to process the case.

5. Plaintiff seeks a writ of mandamus whereby USCIS must adjudicate his pending application within 14 days. Plaintiff herein alleges violations of the Administrative Procedure Act for Defendants' unreasonable delay. Plaintiff also seeks reimbursement for attorney fees and costs.

# II. JURISDICTION

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1346(b) (federal defendant), 5 U.S.C. § 704 (Administrative Procedure Act), and 28 U.S.C. § 1361 (mandamus).

# III. VENUE

7. Venue is proper in the Central District of California pursuant to 28 U.S.C. §1391(e). Plaintiff sues the Defendants in their official capacity as officers and employees of the United States. Plaintiff resides in Riverside County, California,

and a substantial portion of the acts on which this complaint is based took place in Riverside County, California. Thus, venue is proper.

## IV. PARTIES

8. The Plaintiff, Pedro Flores, is an applicant for adjustment of status to that of a lawful permanent resident. He resides in Temecula, Riverside County, California.

9. The Defendant, Ur M. Jaddou, is Director of U.S. Citizenship and Immigration Services ("USCIS"). USCIS is the component of the Department of Homeland Security ("DHS") responsible for the administration of agency policies and the processing and applications to adjust status, USCIS Form I-485. Director Jaddou is sued in her official capacity.

10. The Defendant, ALEJANDRO MAYORKAS, is Secretary of U.S. Department of Homeland Security. DHS has authority over the administration and enforcement of immigration laws, policies, and procedures under U.S. law. Secretary Mayorkas is sued in his official capacity.

11. The Defendant, MERRICK GARLAND, is the Attorney General of the United States. Pursuant to 8 U.S.C. §1103, he is charged with determining all issues of law pertaining to the immigration and naturalization of aliens under U.S. law. Attorney General Garland is sued in his official capacity.

## V. LEGAL FRAMEWORK

12. Pursuant to the Immigration and Nationality Act, Section 245, Defendants are charged with processing all domestically filed applications to adjust status.

## FACTUAL BACKGROUND

13. Plaintiff was born in El Salvador in 1963.

14. On March 12, 1980, Plaintiff entered the United States without inspection as a minor. He was seventeen years old.

15. On September 16, 1987, Plaintiff submitted Form I-697, Application for Temporary Resident Status pursuant to the 1987 Amnesty Program. The case was assigned case number XMA880066006.

16. On October 27, 1987, Plaintiff attended the interview requested by the former INS (now and hereinafter referred to as USCIS for simplicity). USCIS recommended approval of his temporary resident status and Plaintiff was awarded such status on March 15, 1988.

17. Plaintiff's temporary resident status was extended until May 05, 1990.

18. On May 08, 1990, as required for all temporary residents under the Amnesty Program, Plaintiff submitted his Form I-698, Application to Adjust from Temporary to Permanent Resident.

19. Plaintiff departed and reentered the United States at some point in 1990 while his application was pending. During his return, Plaintiff flew from El Salvador to Florida, whereafter he made his connecting flight back to California. Plaintiff does not recall the exact date of his trip but presented his temporary resident card as proof of his authorization to enter the United States lawfully.

20. Plaintiff was never called for an interview for his permanent resident application. Despite multiple inquiries to this day, Plaintiff's application remains pending since May 08, 1990.

21. In lieu of pursuing his long pending Form I-698, Plaintiff instead chose to file Form I-485, Application to Adjust Status concurrently with Form I-130, Petition for Alien Relative. In short, Plaintiff chose to fix his status through his marriage to a U.S. citizen instead of through the amnesty program due to the many unsuccessful attempts to resolve the Form I-698.

22. On November 22, 2021, Plaintiff submitted his adjustment of status application. Form I-130 was assigned case number IOE0914309296. Form I-485 was assigned case number IOE0914309295.

23. On August 25, 2022, USCIS denied Form I-485 finding that Plaintiff failed to include *any* information regarding his lawful entry to the United States. Specifically, Defendants failed to take notice of the attached declaration and final page of Form I-485.

24. On September 8, 2022, USCIS approved Form I-130, finding Plaintiff's marriage to a U.S. citizen bona fide and confirming a visa would be made available immediately.

25. On September 22, 2022, Plaintiff submitted Form I-290B, Notice of Appeal or Motion to contest the denial. Plaintiff highlighted that the basis for the dnial was erroneous, since Plaintiff provided the information that USCIS claimed was missing. Additionally, Plaintiff submitted a cover brief detailing the ruling of *Gomez v. Lynch* and a highlighted portion of the USCIS Policy Manual whereby USCIS accept evidence of admission if presented in the form of a lawfully issued temporary resident card, provided it was valid during the last claimed date of entry on the adjustment application.

26. Plaintiff also argued that USCIS is still responsible for processing the long pending Form I-698.

27. On November 4, 2022, USCIS overturned the denial and resumed processing of Plaintiff's application to adjust status but made no mention of Form I-698.

28. Plaintiff has since submitted numerous inquiries to USCIS but his application has been in processing since November 2021.

29. Plaintiff now seeks judicial intervention, whereby he asks that this Court mandate that USCIS complete processing of his Form I-485 and processing of Form i-698.

**COMPLAINT FOR WRIT OF MANDAMUS AND COMPLAINT UNDER ADMINISTRATIVE PROCEDURE ACT**

5

# VI. CAUSES OF ACTION

## COUNT ONE – ADMINISTRATIVE PROCEDURE ACT

30. Plaintiffs incorporate the allegations in the paragraphs above as though fully set forth here.

31. Pursuant to 5 U.S.C. § 706(1), a reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed."

32. Defendants have unreasonably delayed Plaintiff's Form I-485, Application to Adjust Status. Defendants erroneously denied the application once, requiring Plaintiff to pay costs and fees associated with its appeal. Although the appeal was successful, the underlying application remains pending.

33. The totality of Defendants' actions has caused Plaintiff unnecessary distress and costs. Plaintiff has also accrued unnecessary attorney fees.

## COUNT TWO - MANDAMUS

34. Plaintiffs incorporate the allegations in the paragraphs above as though fully set forth here.

35. The mandamus statute permits a court to compel an officer or employee of the United States or any agency thereof to perform a duty owed to a plaintiff. See 28 U.S.C. § 1361.

36. Defendant has a nondiscretionary duty to adjudicate the application for permanent resident status based upon an approved petition by a U.S. citizen spouse within a reasonable period.

37. Defendant has a nondiscretionary duty to adjudicate the application from temporary to permanent resident status within a reasonable period.

38. Plaintiff requests that this Court force Defendant to take final action on Plaintiff's application within fourteen days.

39. Defendant's actions have cause Plaintiff distress and excessive attorney fees.

## VII. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that the Court:

40. Accept jurisdiction over this matter;
41. Order Defendant to complete adjudication of the application within fourteen days;
42. Award reasonable costs and attorney's fees as provided in the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412;
43. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted this 1st day of March, 2023

Pedro Flores

*By counsel,*

_____

Stefanos Georgousopoulos, Esq.
California Bar Number: 314856
SYG LAW FIRM, INC.
27450 Ynez Road, Suite 210
Temecula, CA 92591
Telephone: (951) 595-7127
Email: sg@syglaw.com

**COMPLAINT FOR WRIT OF MANDAMUS AND COMPLAINT UNDER ADMINISTRATIVE PROCEDURE ACT**